1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51
52

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA WHISENHUNT,<br><br>            Plaintiff,<br><br>    v.<br><br>SCHWEITZER ENGINEERING<br>LABORATORIES, INC., a Washington<br>Corporation,<br><br>            Defendant. | No.<br><br>PLAINTIFF'S COMPLAINT FOR<br>DAMAGES<br><br>JURY TRIAL REQUESTED |

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

## I.   NATURE OF THE ACTION

This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation and interference with rights secured through Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§1211, *et seq.* ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Family Medical Leave Act, 29 USC § 2611 *et seq.* ("FMLA"), Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"), intentional withholding of wages under Washington Wage and Hour statutes RCW 49.12 *et seq.*, RCW 49.46 *et seq.*, and RCW 49.48 *et seq.*, RCW 49.52 *et seq.*, WAC 296-126-092, Washington's Law Against Discrimination, RCW 49.60 *et seq.*("WLAD"), and Washington's age discrimination statute,   RCW 49.44.090. Plaintiff Patricia Whisenhunt alleges that Defendant violated FLSA and the Washington wage statutes, discriminated against her on the basis of her age, gender, and disability, and ultimately terminated her in retaliation for engaging in protected activity in violation of these statutes.

Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent allowed by law.

## II.      JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction is proper pursuant to 28 U.S.C. §1331 as Plaintiff alleges claims that comprise a federal questions.

2.      This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3.      Venue of this Court is invoked under 28 U.S.C. § 1391.

4.      A substantial part of the events or omissions giving rise of Plaintiff's claim occurred in the jurisdiction of the Federal District Court for the Western District of Washington as Defendant has employed Plaintiff at the Schweitzer Engineering Laboratories, Inc. location in Bothell, Washington.

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

5.      At all relevant times, Plaintiff was a resident of Washington.

6.      At all relevant times, Defendant Schweitzer Engineering Laboratories, Inc., a Washington Corporation, was continuously doing business in the Western District of Washington.

7.      At all relevant times, Defendant Schweitzer Engineering Laboratories, Inc. has continually had the requisite number of employees and was an employer within the meaning of the statutes pled herein.

8.      At all relevant times, Defendant was an employer engaged in an industry affecting commerce.

9.      Defendant Schweitzer Engineering Laboratories, Inc. employed Plaintiff for the requisite amount of time under the FMLA.

10.     Plaintiff has filed a charge and exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") under Title VII, the ADA, and the ADEA.

11.     All jurisdictional prerequisites have been met.

### III.      STATEMENT OF CLAIMS

12.     Defendant engaged in unlawful employment practices against Plaintiff, while she was employed by Defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§1211, *et seq.* ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Family Medical Leave Act, 29 USC § 2611 *et seq.* ("FMLA"), Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"), Washington's age discrimination statute, RCW 49.44.090 and intentionally withholding wages under Washington Wage and Hour statutes RCW 49.12 *et seq.*, RCW 49.46 *et seq.*, and RCW 49.48 *et seq.*, RCW 49.52 *et seq.*, WAC 296-126-092, Washington's Law Against Discrimination, RCW 49.60 *et seq.*("WLAD"), and

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

Plaintiff Patricia Whisenhunt alleges that Defendant violated FLSA and the Washington wage statutes, discriminated against her on the basis of her age, gender, and disability, and ultimately terminated her in retaliation for engaging in protected activity in violation of these statutes.

13.     Defendant's discharge of Plaintiff from her employment violated each of the above-mentioned state and federal statutes.

14.     Plaintiff sought leave, which she was entitled to take under the FMLA. Defendant failed, in good faith, to comply with the requirements of the FMLA, and in fact, interfered with Plaintiff's rights under the FMLA as well as retaliated against Plaintiff, when, among other things, Plaintiff took FMLA leave and upon her return was not permitted to return to a position equivalent to the position that she left when taking FMLA.

15.     Plaintiff also suffered from what constitutes a disability or disabilities under federal and state law, specifically, the ADA and the WLAD. Plaintiff suffered from these disabilities during the course of her employment with Defendant and continues to suffer from the same. Defendant and its agents and employees perceived that Plaintiff had these disabilities, and discriminated against Plaintiff on the basis of these disabilities and perceptions of disabilities.  Plaintiff opposed this discrimination, when, among other things, she opposed Defendant's changes to her position which Defendant justified by saying it needed to make based on her disability, when, in fact, Plaintiff could perform the essential functions of her job. Defendant retaliated against Plaintiff for her protected activity when, among other things, Defendant terminated her employment.

16.     Plaintiff, a female, also opposed Defendant's sex discrimination, unlawful under the WLAD and Title VII, against her and other similarly situated female employees. Defendant discriminated against Plaintiff by creating a hostile work environment, and, among other things, selecting young males as replacements for her after changing the terms and conditions of Plaintiff's job after she engaged in protected activities. Defendant retaliated

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

against Plaintiff for her protected activity when, among other things, Defendant terminated her employment.

17.     Defendant also took adverse actions, including, but not limited to terminating Plaintiff's employment, when it discriminated against Plaintiff, a woman in a protected class over the age of forty years old, creating a hostile work environment when, among other things, its agents and employees made comments with age-based animus. Plaintiff opposed these unlawful employment practices which violated her rights under Washington's age discrimination statute, RCW 49.44.090 as well as under federal law, specifically under the ADEA.

18.     Defendant also took adverse actions against Plaintiff for her opposition of its unlawful wage and overtime practices, rights secured under the FLSA and Washington statutes RCW 49.46 *et seq.*, RCW 49.48. *et seq.*, and RCW 49.52 *et seq.* . Defendant misclassified Plaintiff and other similarly situated employees with intent to deprive them of overtime wages owed and other wages owed, in violation of the above-mentioned state and federal wage statutes. Plaintiff and other similarly situated employees of Defendant worked in positions not exempt from the minimum wage and overtime requirements of state and federal law. Plaintiff was retaliated against for engaging in protected activity, such as by complaining about and opposing Defendant's unlawful wage and overtime requirements.

19.     Among other things, Plaintiff and other similarly situated employees of Defendant worked over forty hours during the work week who were non-exempt but were not paid overtime wages. Plaintiff and other similarly situated employees of Defendant were and are entitled to overtime wages at the rate of one and one half times their regular pay, and pay for each hour worked beyond forty hours in a work Plaintiff and other similarly situated employees were not provided compensation for hours worked in excess of 8 hours per day and 40 hours per week. Additionally, they are entitled to any wages earned that were unpaid pursuant federal and state law.

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

20.     Moreover, Plaintiff and other similarly situated employees did not receive 10 minute rest breaks and 30 minute meal breaks as required state law, in violation of RCW 49.12 *et seq.* and WAC 296-126-092.

21.     Defendant intentionally and willfully withheld and continues to withhold wages due to Plaintiff and other similarly situated employees in violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Washington wage statutes RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, RCW 49.52 *et seq.*, RCW 49.12 *et seq.*, as well as WAC 296-126-092.

22.     The unlawful employment practices complained of in the above paragraphs were willful and intentional and were done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

### IV.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.     Grant a permanent injunction enjoining Defendant from engaging in any other unlawful employment practices.

B.     Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

E.     Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation, emotional pain, suffering, distress, and loss of enjoyment of life, in amounts to be determined at trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

F.      Order Defendant to pay liquidated and/or double damages to Plaintiff as allowed under the FMLA, FLSA, and the Washington wage statutes,

G.      Order Defendant to pay punitive damages to the extent allowed by law.

H.      Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including, but not limited to, attorney's fees.

I.      Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

J.      Award Plaintiff other damages including prejudgment interest and post-judgment interest.

K.      Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.


DATED this 5th day of July, 2011.

THE BLANKENSHIP LAW FIRM, P.S.


By:__/s/_____
        Scott C. G. Blankenship, WSBA No. 21431
        Elizabeth Hanley DeLong., WSBA No. 38233
        The Blankenship Law Firm, P.S.
        1201 Third Avenue, Suite 2880
        Seattle, WA 98101
        Telephone: (206) 343-2700
        Fax: (206) 343-2704
        Email:    sblankenship@blankenshiplawfirm.com
                      edelong@blankenshiplawfirm.com
        Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6

THE BLANKENSHIP LAW FIRM, P.S.
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700

## <u>DECLARATION OF SERVICE</u>

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I caused delivery of a true copy of this document to the following persons:

Kenneth Diamond, Esq.
Winterbauer & Diamond, PLLC
1200 Fifth Avenue, Ste. 1700
Seattle, WA 98101
Phone: (206) 676-8440
Fax: (206) 676-8441
Email:  ken@winterbauerdiamond.com

DATED this 5th day of July, 2011, at Seattle, Washington.

/S/
SCOTT C.G. BLANKENSHIP

**THE BLANKENSHIP LAW FIRM, P.S.**
1201 Third Avenue, Suite 2880
Seattle, Washington  98101
(206) 343-2700